IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

THOMAS CLAUDE ATKINS,            :
                                   :
      Plaintiff,                 :
                                     :
v.                                   :    CIVIL ACTION
                                   :    NO. 2:10-CV-0155-WCO
CHRISTOPHER DAVIS, and HARRY  :
SHARPNACK, in their Individual      :
Capacities,                      :
                                     :
      Defendants.           :

## ORDER

The captioned case is before the court for consideration of the court's show cause order issued November 30, 2011 [17].

On November 30, 2011, the court entered an order denying plaintiff leave to amend his complaint and denying his motion for reconsideration. In that order, the court also noted that plaintiff's counsel, Nathanael A. Horsley, had potentially committed two Rule 11 violations. The court directed Mr. Horsley to appear on December 12, 2011, to show cause why he should not be sanctioned under Rule 11(b) for: (1) reasserting claims, without any changes, in the amended complaint that he previously conceded had no factual support and that had been dismissed for that reason; and (2) reasserting claims, without any changes, in the amended complaint

that had been dismissed for failure to state a claim.  The hearing was held as scheduled.

The first Rule 11(b) issue was the more serious one.  The initial complaint in this case asserted multiple claims;  three of these claims had no basis in fact.  These claims included: (1) an allegation that plaintiff was denied access to a criminal proceeding; (2) an allegation that plaintiff was denied freedom of access to a courthouse in violation of due process; and (3) an allegation that plaintiff was subjected to excessive force, presumably in violation of his Fourth Amendment rights. After defendants filed their motion to dismiss, plaintiff filed a brief in response conceding that the first two of the previously mentioned claims had no factual basis: "the [c]omplaint does not allege an independent claim for denial of access to a court" and "does not allege that  [plaintiff] was in fact prevented from returning [to the courthouse]."  (Pl.'s Resp. Br. 9.)  Plaintiff also conceded that the excessive force claim had no factual basis, agreeing "that there is no claim of excessive force raised in the [c]omplaint that is independent of the False Arrest and False Imprisonment claims."  (*Id.* at 5.)

These concessions were necessary because the complaint never stated any facts that supported these legal claims.  Plaintiff never alleged that he even attempted to access a criminal proceeding.  He also never alleged that he was prevented from

entering the White County Courthouse.  Lastly, he did not provide any facts that even suggested that defendants used unconstitutional force to arrest him.

In his amended complaint, which was filed after the court's order dismissing many of his claims, plaintiff re-alleged, verbatim, his claim of denial of access to a criminal proceeding, his claim of denial of access to a courthouse, and his claim of excessive force.  These claims still did not have any factual support.  Their re-allegation thus ran afoul of Rule 11(b)(3).  Moreover, it was arguably improper for Mr. Horsley to reassert claims that he already conceded had no factual support.  *See* FED. R. CIV. P. 11(b)(1).

Rule 11 provides that by "presenting to the court a pleading, written motion, or other paper" the attorney making that presentation "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the motion is not being presented for any improper purpose; (2) the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support; and (4) the denials of factual contentions are warranted based on the evidence.  FED. R. CIV. P. 11(b)(1)-(4).  Three types of conduct warrant Rule 11 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable

chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993). A Rule 11 violation is measured by an objective standard that asks whether "the motion, pleading, or other paper reflected what could reasonably have been believed by the signer at the time of the pleading." *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992).

Mr. Horsley violated Rule 11 when he re-alleged in the amended complaint that plaintiff was denied access to a courthouse, was denied access to a criminal proceeding, and was subjected to excessive force. The amended complaint contains no factual assertions supporting any of these claims. Moreover, Mr. Horsley had already told the court, in a separate signed pleading, that these claims did not have any merit. These claims therefore had "no reasonable factual basis." *Didie*, 988 F.2d at 1104; *see also* FED. R. CIV. P. 11(b)(3).

At the show cause hearing, Mr. Horsley seemed to misunderstand the nature of his Rule 11 violation. He explained the research he conducted and stated he believed that claims for denial of access to a courthouse had been recognized by various courts. It is true that such claims have at least some legal grounding. But, Mr. Horsley's conduct was not sanctionable because he asserted a *legal* theory that had no basis of

success. *See* FED. R. CIV. P. 11(b)(2). Instead, Mr. Horsley erred when he asserted claims that had no reasonable *factual* basis.

At the hearing, Mr. Horsley also claimed that he did not intentionally reassert the previously dismissed charges, but simply believed that there was no need to remove the dismissed claims from his amended complaint. At best, this defense displays incompetence because Mr. Horsley made extensive revisions to portions of the complaint and added a great deal of factual material. It was his obligation as an attorney to review *all* of the claims in the amended complaint before he filed it with the court. Otherwise, he would be unable to certify that to the "best of his knowledge, information, and belief" the complaint complied with the dictates of Rule 11. Because the factual information he added to the amended complaint did not contain any facts supporting the denial of access to a criminal proceeding claim, the denial of access to a courthouse claim, or his excessive force claim, and because he had already conceded these claims had no factual support, Mr. Horsley's decision to file the amended complaint including these three claims violated Rule 11. Mr. Horsley had already conceded these claims had no factual basis; he thus could not have had an objective basis for believing that these contentions had factual support.

The second potential Rule 11(b) violation concerned Mr. Horsley's decision to reassert, verbatim, other previously dismissed claims in his amended complaint.

These redundant claims included plaintiff's claim against defendant Neal Walden for supervisory liability. Arguably, the decision to re-assert claims that were identical to those previously dismissed ran afoul of Rule 11's prohibition against filing a pleading for an improper purpose. *See* FED. R. CIV. P. 11(b)(1). Asserting claims that have already been dismissed shows bad faith and an intent to harass defendants or delay this proceeding.

The preceding discussion makes clear that Mr. Horsley violated Rule 11(b)(3) when he reasserted claims he previously conceded had no evidentiary support. His decision to reassert other previously dismissed claims also violated Rule 11(b)(1). When the court determines that Rule 11(b) has been violated it "may impose an appropriate sanction on any attorney, law firm or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). Any sanction imposed "must be limited to what suffices to deter repetition of the conduct . . . ." FED. R. CIV. P. 11(c)(4).

The court believes that an appropriate sanction is to order Mr. Horsley to pay the reasonable fees that defense counsel incurred opposing the frivolous claims and appearing at the show cause hearing. In light of defense counsel's representations at the hearing regarding the time he spent preparing the motion to dismiss and the response to plaintiff's motion for reconsideration and the time he spent attending the

show cause hearing, it is appropriate to order Mr. Horsley to pay the sum of $400.00 to defense counsel. This small monetary sanction may be sufficient to deter repetition of this conduct. The court believes that Mr. Horsley, who is admittedly inexperienced in federal practice, has learned from this experience and will not make these mistakes again. The court does, however, admonish Mr. Horsley for his conduct and strongly encourages him to familiarize himself with the requirements of Rule 11 and to abide by its commands.

For the foregoing reasons, the court hereby **FINDS** that Mr. Horsley's conduct violated Rule 11(b)(1) and (b)(3). As a sanction for this conduct imposed pursuant to Rule 11(c)(1), Mr. Horsley is hereby **ORDERED** and **DIRECTED** to pay the sum of $400.00 to defense counsel within 10 days of the date of this order.

**IT IS SO ORDERED**, this 29th day of February, 2012.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge